COPY

MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff DONALD WASSINK

FILED

2011 APR 11 PM 2: 52

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
SANTA ANA

BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DONALD WASSINK, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED COMPUTER SERVICES, INC., A DELAWARE CORPORATION; XEROX CORPORATION, A NEW YORK CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: **SACV11 -0554 CJC (MLGx)**<br><br>**CLASS ACTION COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, OVERTIME UNDER THE FLSA, AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DONALD WASSINK, alleges:

## **JURISDICTION**

1.      This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2.      This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and

-1-

1  whether that failure to pay was willful.  The failure to provide proper pay check stubs
2  is also directly related to the FLSA claims because Plaintiff is alleging that the pay
3  check stubs are inaccurate because they did not list the overtime required by the
4  FLSA.  The waiting time penalty claim is directly related to whether the failure to
5  pay overtime required by the FLSA was willful.  As such, all the claims make up the
6  same case or controversy under Article III of the United States Constitution.

7       3.     This court has jurisdiction under the Class Action Fairness Act, 28
8  U.S.C. §1332(d).  Plaintiff is a citizen of California and Defendants are not citizens
9  of California. There are more than 500 class members and the amount in controversy
10 is in excess of $5,000,000.

11                     **GENERAL ALLEGATIONS**

12      4.     This Court is the proper court and this action is properly filed in the
13 County of Orange and in this judicial district because Defendants do business in the
14 County of Orange, and because Defendants' obligations and liabilities arise therein,
15 and because the work that was performed by Plaintiff in the County of Orange is the
16 subject of this action.

17      5.     The true names and capacities of DOES 1 through 10 are unknown to
18 Plaintiff, who therefore sues the DOE Defendants by fictitious names.  Plaintiff will
19 amend this Complaint to show their true names and capacities when they have been
20 ascertained. Plaintiff is informed and believes, and hereon alleges, that some such
21 Doe defendants are residents of California.

22      6.     Plaintiff is informed and believes that Defendants, each and all of them,
23 at all times material hereto, were the joint employers, parent companies, successor
24 companies, predecessors in interest, affiliates, agents, employees, servants, joint
25 venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the
26 remaining Defendants.  The Defendants, unless otherwise alleged, at all times
27 material hereto, performed all acts and omissions alleged herein within the course
28 and scope of said relationship, and are a proximate cause of Plaintiff's damages as

COMPLAINT FOR LABOR VIOLATIONS

1 | herein alleged.

2 | **PARTIES**

3 | 7. Plaintiff DONALD WASSINK ("WASSINK") was jointly employed by

4 | Defendants from May 1, 2006 to the present. Prior to April, 2008, WASSINK was

5 | properly classified as a nonexempt employee and was paid overtime. In April of

6 | 2008, Defendants reclassified WASSINK to as "exempt" and illegally stopped

7 | paying him overtime. WASSINK is a citizen of California.

8 | 8. Defendant AFFILIATED COMPUTER SERVICES, INC. ("ACS") is a

9 | Delaware Corporation doing business in the County of Orange, State of California.

10 | 9. Defendant XEROX CORPORATION ("XEROX") is a New York

11 | Corporation doing business in the County of Orange, State of California.

12 | 10. Neither Xerox nor ACS is a citizen of California.

13 | **CLASS ACTION ALLEGATIONS**

14 | 11. Plaintiff brings this action on behalf of himself and all others similarly

15 | situated as a Class Action pursuant to Rules 23(a), (b)(1), (b)(2), and (b)(3).

16 | 12. ACS is owed by XEROX. ACS and XEROX share the same human

17 | resource department, use the same job descriptions, and have the same policies for

18 | paying overtime and controlling the hours and working conditions for employees.

19 | The employee's paycheck stub indicates that ACS is the entity paying the check.

20 | 13. ACS maintains a website at http://www.acs-inc.com

21 | 14. ACS describes itself on its website as "a global leader in business

22 | process and information technology services."

23 | 15. One of the services that ACS provides is IT outsourcing. That is, ACS

24 | provides individuals to perform the routine Information Technology tasks of a

25 | company.

26 | 16. ACS uses Service Technicians such as WASSINK to perform these

27 | routine Information Technology tasks.

28 | 17. ACS places the Service Technicians at various customer sites and they

-3-
COMPLAINT FOR LABOR VIOLATIONS

1  perform routine installations, troubleshooting, and upgrades to various computer and
2  network hardware. Some Service Technicians perform identical duties remotely from
3  the customer site. That is, the Service Technician will access a computer system
4  remotely and perform the routine maintenance tasks.

5      18.   The Service Technicians frequently work after hours in an "on call" role
6  in which they are required to work after hours to resolve technical problems.

7      19.   The Services Technicians would work up to 72 hours a week or more
8  during busy periods. The Service Technicians would record some of the working
9  time on company provided time sheets, but other time was not recorded.

10     20.   The Services Technicians were paid only a fixed amount, subject to
11 deductions, each pay period and were not paid any overtime.

12     21.   Defendants use a variety of job titles, but the following list, which shall
13 be referred to as JOB TITLES represents the positions covered by this class action at
14 the time this Complaint was filed:  , Cisco Engineer, Cisco Voice Engineer, Cisco
15 Voice Engineer II, Cisco Voice Engineer III, Citrix Application Administrator, Citrix
16 Engineer, Citrix Engineer - Nationwide, Desktop Engineer, Desktop Manager,
17 Desktop Publisher, Desktop Services Analyst, Desktop Services Project Manager,
18 Desktop Services Supervisor, Desktop Support, Desktop Support - Houston, Desktop
19 Support Analyst, Desktop Support Manager, Desktop Support Specialist, Desktop
20 Support Technician, Desktop Technician, Help Desk Customer Support, Help Desk
21 Order Writer, Infrastructure Management – AIX Administrator, Infrastructure
22 Management Analyst, Infrastructure Management Associate, Infrastructure
23 Management Principal, Infrastructure Management Senior Analyst, Infrastructure
24 Management Sr Analyst, Infrastructure Mgmt Sr. Analyst, Infrastructure Mgmt Sr.
25 Analyst Network- Remote, Infrastructure Mgmt Sr. Analyst Telecom- Remote,
26 Information Management Analyst, Information Management Specialist, Information
27 Management Sr. Specialist, Information Management Sr. Associate, Information
28 Security Analyst, Information Security Jr. Analyst, IT Application Support Engineer,

COMPLAINT FOR LABOR VIOLATIONS

1 | IT Infrastructure Systems Consulting Sr. Analyst, IT Internship (Payment Solutions
2 | Group), IT Support Analyst, IT Systems Analyst, IT Systems Engineer, IT Technical
3 | Support, Network Administrator, Network Analyst, Network Engineer, Network
4 | Engineer (CCNP), Network Engineer II, Network Engineer III, Network Engineering
5 | Manager, Network Operations Center (NOC) Analyst, Network Services Delivery
6 | Manager, Network Solution Designer, Network/IT Support Associate, NT Systems
7 | Administrator, Onsite Rep, Onsite Support Representative, Remote Control Support
8 | Technician, Remote Desktop Technician, Remote Job- DB2 for z/OS DBA/System
9 | Programmer, Senior Network Engineer, Senior Network Engineer (Cisco Routing,
10 | Switching,, Senior Principal Hardware Engineer, Server Support Analyst, Server
11 | Support Engineer, Sr. Firewall/Internet Engineer, Sr. Network Engineer, Sr. Network
12 | Engineer CCIE, System Administrator, System Administrator DBA, System
13 | Administrator/End User Support Specialist, System Development Specialist, System
14 | Support Technician, System Technician / Web Development, Systems Administrator,
15 | Systems Analyst, Systems Consulting Analyst, Systems Consulting Principal,
16 | Systems Consulting Sr. Analyst, Systems Developer Sr. Specialist, Tech Helpdesk
17 | Analyst, Tech Helpdesk Assoc, Technical Help Desk Team Lead, Technical
18 | Helpdesk Analyst, Technical Helpdesk Associate, Technical Helpdesk Jr. Analyst,
19 | Technical Helpdesk Specialist, Technical Helpdesk Sr. Associate, Technical
20 | Helpdesk Supervisor, Technical Helpdesk Team Leader, Technical Implementation
21 | Manager, Technical Support / Customer Care Assistant, Technical Support /
22 | Customer Service, Web and Application Server Administrator, Windows Systems
23 | Administrator, Wireless Network Engineer (WiFi Provisioning),

24 |       22.    Plaintiff proposes the following Class which will be referred to as the
25 | "Service Technician Class:"

26 |             All Information Technology employees of ACS who worked
27 |             within California at any time during the past four (4) years which
28 |             ACS classified as "exempt" and who worked in one of the listed

1    JOB TITLES or performed similar duties to a listed JOB TITLE.

2   23. Plaintiff proposes the following Subclass which will be referred to as

3 the "Current Service Technician Class:"

4    All Information Technology employees of ACS who are currently

5    working within California which ACS classifies as "exempt" and

6    who worked in one of the listed JOB TITLES or performed similar

7    duties to a listed JOB TITLE.

8   24. Plaintiff proposes the following Subclass which will be referred to as

9 the "Reclassified Service Technician Class:"

10    All Information Technology employees of ACS w who worked

11    within California at any time during the past four (4) years which

12    ACS currently classifies as "exempt" and whose job position was

13    classified by ACS as "nonexempt" prior to April of 2008.

14   25. The phrase "Information Technology" means any position performing

15 work relating to the installation, upgrading, or maintenance of computer networks,

16 telephone systems, desktop computers, notebook computers, handheld electronic

17 devices, server computers, or electronic storage devices.

18   26. XEROX/ACS has job descriptions posted on its web site, and the

19 following excerpts are indicative of the type of work performed by the Service

20 Technician Class:

21    a. "Troubleshoots via the phone hardware, software, and network

22     operating problems and involves technical resources to ensure

23     resolution. "

24    b. "Identifies, investigates and researches user questions and problems

25     as well as isolating and resolving information systems problems. "

26    c. "Receives and prioritizes issues and forwards using appropriate

27     escalation procedures."

28    d. "Applies understanding and knowledge of information systems

products and services to assist users."

   e. "responsible for the day to day support of a multi server network environment."

   f. "implementing and maintaining the established network based computing platforms."

   g. "Troubleshoot technical problems with the critical systems, servers and equipment"

   h. "Troubleshoot and analyze requirements for customers' existing systems"

   i. "Operates data communication systems, including LANs and/or WANs."

27.   While XEROX has changed its job titles over time and uses a wide variety of job titles to describe similar and even identical roles, the fundamental job duties of the Service Technician Class are performing routine installation, upgrading, and troubleshooting of computer systems and networks.

28.   This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

29.   A Class Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact.  Questions of law and fact common to the class action include, but are not limited to:

   a. Whether employees who perform routine installation, troubleshooting, and upgrades of computer systems and networks are entitled to overtime.

   b. Whether XEROX's job descriptions that describe the low level work performed by the Service Technicians are accurate.

   c. Whether the Department of Labor Opinion letter that specifically states that employees who perform routine installation,

1     troubleshooting, and upgrades to computer systems and networks are

2     entitled to overtime pay is a correct statement of the law.

3     d. Whether electronic records such as emails and computer log files can

4     be used to determine the number of hours worked by the Service

5     Technicians.

6     e. Whether an employee is entitled to additional compensation if a meal

7     break is not provided to him -- that is, he is unable to take the break

8     because of excessive job tasks assigned to him.

9     f. Whether Defendants' failure to track the hours worked is causing

10     injury to the class.

11     30.    Plaintiff and the Class Action Plaintiffs are similarly situated, have

12 substantially similar job duties, have substantially similar pay provisions, and are all

13 subject to Defendants' illegal labor violations.

14     31.    Plaintiff will also seek certification of a class to require XEROX and

15 ACS to reclassify the class members as nonexempt employees and to begin tracking

16 their hours worked. WASSINK is a current employee of XEROX and ACS, and he

17 and the Class Members are suffering ongoing injury from Defendants' illegal

18 policies.

19     32.    The claims of the Plaintiff are typical of those of the class, and plaintiff

20 will fairly and adequately represent the interests of the class.

21     33.    Defendants refuse to re-classify the employees as non-exempt

22 employees and refuse to properly track all the hours worked. This illegal conduct

23 affects all Class Members equally and injunctive relief is appropriate.

24     34.    The persons of this class are so numerous that the joinder of all such

25 persons is impracticable and that disposition of their claims in a class action rather

26 than in individual actions will benefit the parties and the Court. While the precise

27 number of proposed class members has not yet been determined, Plaintiff is informed

28 and believes that Defendants currently employ, and during the relevant time periods

1  employed, over 500 putative class members.

2      35.    The prosecution of separate actions by individual members of the Class
3  would create the risk of inconsistent and varying adjudications, establishing
4  incompatible standards of conduct for Defendants.

5      36.    The questions of law and fact common to the members of the Class
6  predominate over any questions affecting only individual member, including legal
7  and factual issues relating to liability and damages.

8      37.    Class action treatment will allow those similarly situated person to
9  litigate their claims in the manner that is most efficient and economical for the
10  parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely
11  to be encountered in the management of this action that would preclude its
12  maintenance as a class action.

13      38.    In the event that the Court determines at the notice stage or anytime
14  thereafter that all plaintiffs and members of the class action, are not "similarly
15  situated," the definition may be modified or narrowed, and/or appropriate subclasses
16  may be established based on business unit or otherwise.

17                    **COLLECTIVE ACTION ALLEGATIONS**

18      39.    Plaintiffs bring the Fifth Cause of Action for violation of the Fair Labor
19  Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b)
20  of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who All Information
21  Technology employees of ACS who worked within California at any time during the
22  past three (3) years which ACS classified as "exempt" and who worked "on call" to
23  resolve technical problems for customers of ACS in addition to having standard
24  working hours. ("Collective Action Plaintiffs").

25      40.    The Eighth Cause of Action for violations of the FLSA is being brought
26  and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all
27  violations of the FLSA.

28      41.    A Collective Action is a superior method for bringing this action in that

1  there is a well defined community of interest in the questions of law and fact.

2  Questions of law and fact common to the collective action include, but are not

3  limited to:

4      a. Whether employees who perform routine installation,

5         troubleshooting, and upgrades of computer systems and networks are

6         entitled to overtime.

7      b. Whether XEROX's job descriptions that describe the low level work

8         performed by the Service Technicians are accurate.

9      c. Whether the Department of Labor Opinion letter that specifically

10        states that employees who perform routine installation,

11        troubleshooting, and upgrades to computer systems and networks are

12        entitled to overtime pay is a correct statement of the law.

13      d. Whether electronic records such as emails and computer log files can

14        be used to determine the number of hours worked by the Service

15        Technicians.

16      42.    Plaintiff and the Collective Action Plaintiffs are similarly situated, have

17  substantially similar job duties, have substantially similar pay provisions, and are all

18  subject to Defendants' refusal to pay proper overtime in violation of the FLSA. The

19  claims of the Plaintiff are typical of those of the class and plaintiff will fairly and

20  adequately represent the interests of the class.

21      43.    The persons of this class of are so numerous that the joinder of all such

22  persons is impracticable and that disposition of their claims in a class action rather

23  than in individual actions will benefit the parties and the court. In addition, each

24  class member must give his or her permission to be represented in this action under

25  the "opt-in" provisions of 29 U.S.C. § 216(b).

26      44.    In the event that the Court determines at the notice stage or anytime

27  thereafter that all plaintiffs and members of the collective action, as defined above,

28  are not "similarly situated," the definition may be modified or narrowed, and/or

1 | appropriate subclasses may be established based on business unit or otherwise.

2 | ### FIRST CAUSE OF ACTION

3 | ### FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA

4 | ### INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA

5 | ### LABOR CODE

6 | ### (AGAINST ACS, XEROX, and DOES 1-5)

7 | 45.     Plaintiff refers to and incorporate  by reference Paragraphs 1 through 44.

8 | 46.     This cause of action is brought against ACS, XEROX, and DOES 1-5,

9 | jointly and individually.

10 | 47.     This cause of action is brought on behalf of the Service Technicians

11 | Class, Current Service Technicians Class, and the Reclassified Service Technicians

12 | Class.

13 | 48.     The Current Service Technicians class will also seek an injunction

14 | requiring Defendants to properly pay them overtime on an ongoing basis.

15 | 49.     Pursuant to Industrial Welfare Commission Order No. 4-2001,

16 | California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's

17 | employment, Defendants were required to compensate Plaintiff for all overtime,

18 | which is calculated at one and one-half (1 ½) times the regular rate of pay for hours

19 | worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2)

20 | times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

21 | of hours worked in excess of eight (8) hours on the seventh consecutive work day in

22 | a week.

23 | 50.     Plaintiff WASSINK worked more than eight (8) hours in a single

24 | workday or forty (40) hours in a single workweek on numerous occasions.

25 | 51.     Plaintiff WASSINK was entitled to the above overtime premiums.

26 | 52.     Defendants did not pay Plaintiff premium wages of at least one and one-

27 | half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

28 | 53.     Defendants did not pay Plaintiff premium wages of at least one and one-

1    half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

2       54.    Defendants did not pay Plaintiff premium wages of at least two times

3    Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

4       55.    Plaintiff WASSINK worked at least one pay period in which he was not

5    properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

6       56.    Defendants know or should know the actual dates of overtime worked,

7    the amount of overtime worked, and the amount of unpaid overtime due.

8       57.    As a proximate result of Defendants' violations, Plaintiff WASSINK

9    has been damaged in an amount in excess of $128,372 and subject to proof at time of

10   trial.

11      58.    The Class Members also typically worked in excess of 40 hours a week

12   and could work over 70 hours in busy weeks.  They were also not paid any overtime.

13   Each class member was likely damaged in an amount in excess of $100,000 bringing

14   the amount in controversy for the more than 500 class members to $50,000,000 or

15   more.

16      59.    Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of

17   Regulations, Title 8, § 11040, Plaintiff WASSINK is entitled to recover damages for

18   the nonpayment of overtime premiums for all overtime hours worked, penalties,

19   interest, plus reasonable attorney's fees and costs of suit.

20                          **SECOND CAUSE OF ACTION**

21            **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED**

22                    **UNDER LABOR CODE SECTION 226**

23                    **(AGAINST ACS, XEROX, and DOES 1-5)**

24      60.    Plaintiff refers to and incorporate by reference Paragraphs 1 through 59.

25      61.    This cause of action is brought against ACS, XEROX, and DOES 1-5,

26   jointly and individually.

27      62.    This cause of action is brought on behalf of the Service Technicians

28   Class, Current Service Technicians Class, and the Reclassified Service Technicians

1  Class.

2      63.    The Current Service Technicians class will also seek an injunction

3  requiring Defendants to properly track their hours on an ongoing basis.

4      64.    Pursuant to Labor Code § 226, every employer must furnish each

5  employee an itemized statement of wages and deductions at the time of payment of

6  wages.

7      65.    Defendants knowingly and intentionally furnished Plaintiff pay stubs

8  that did not accurately reflect all the information required by Labor Code § 226.

9      66.    Plaintiff suffered injury from the lack of proper information on the pay

10  stubs provided by Defendants.

11      67.    Plaintiff suffered injury under this cause of action within a period of one

12  (1) year prior to the initiation of this lawsuit.

13      68.    Class Members were similarly injured and Current Service Technicians

14  are suffering ongoing injury because the lack of tracking of hours worked makes

15  proving ongoing damages more difficult.  Each class member would be required to

16  spend his or her own time tracking and recording this time jus to ensure that he or

17  she would be paid for all hours worked.

18      69.    Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment

19  against Defendants in an amount subject to proof at trial plus costs and attorney fees.

20              **THIRD CAUSE OF ACTION**

21  **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207**

22              **and § 216 (AGAINST ALL DEFENDANTS)**

23      70.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

24  69.

25      71.    This cause of action is against all Defendants, jointly and individually.

26      72.    Plaintiff is informed and believes and hereon alleges that Defendants are

27  subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a)

28  and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½)

1   times the regular rate of pay for hours worked in excess of forty (40) hours in a

2   week and an equal additional amount as liquidated damages, as well as costs and

3   attorney's fees.

4       73.    Plaintiff worked numerous weeks in excess of forty (40) hours.

5       74.    Plaintiff was entitled to the above overtime premiums.

6       75.    Defendants failed to compensate Plaintiff for any overtime premiums.

7       76.    This court has jurisdiction over this cause of action because the federal

8   statute specifically grants the employee the right to bring the action in "any Federal

9   or State court of competent jurisdiction." 29 U.S.C. § 216(b).

10       77.    Plaintiff worked at least one week in which overtime premiums were

11   not paid by Defendants under the Fair Labor Standards Act within the two (2) years

12   prior to initiating this lawsuit.

13       78.    Plaintiff's individual employment is covered by the terms of the Fair

14   Labor Standards Act.

15       79.    Plaintiff used equipment on the job that had previously been transported

16   in interstate commerce.

17       80.    Defendant ACS was the employer of Plaintiff, as the term "employer" is

18   defined in the Fair Labor Standards Act.

19       81.    Defendant ACS was an enterprise covered by the provisions of the Fair

20   Labor Standards Act for the entire time of Plaintiff's employment.

21       82.    Defendant ACS conducted business with a total gross sales volume in

22   excess of $500,000 for each and every twelve (12) month period in which Plaintiff

23   was employed.

24       83.    Defendant ACS employed at least two (2) employees during each and

25   every 12 month period in which Plaintiff was employed. These employees were

26   engaged in commerce and regularly used equipment that had been transported in

27   interstate commerce.

28       84.    Defendant XEROX was the employer of Plaintiff, as the term

1 | "employer" is defined in the Fair Labor Standards Act.

2 |     85.    Defendant XEROX was an enterprise covered by the provisions of the

3 | Fair Labor Standards Act for the entire time of Plaintiff's employment.

4 |     86.    Defendant XEROX conducted business with a total gross sales volume

5 | in excess of $500,000 for each and every twelve (12) month period in which Plaintiff

6 | was employed.

7 |     87.    Defendant XEROX employed at least two (2) employees during each

8 | and every 12 month period in which Plaintiff was employed. These employees were

9 | engaged in commerce and regularly used equipment that had been transported in

10 | interstate commerce.

11 |     88.    DOES 1-10 were the employer of Plaintiff, as the term "employer" is

12 | defined in the Fair Labor Standards Act.

13 |     89.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

14 |     90.    Plaintiff prays for judgment for overtime pay of $128,372. This amount

15 | is subsumed by the overtime pay claimed in the First Cause of Action.

16 |     91.    Plaintiff prays for judgment for liquidated damages in the amount of

17 | $128,372. This amount is supplemental to the relief requested in all other causes of

18 | action.

19 |     92.    Plaintiff prays for costs and attorney's fees.

20 | **FOURTH CAUSE OF ACTION**

21 | **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

22 | **CODE SECTION 17200**

23 | **(AGAINST ACS, XEROX, and DOES 1-5)**

24 |     93.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

25 | 92.

26 |     94.    This cause of action is brought against ACS, XEROX, and DOES 1-5,

27 | jointly and individually.

28 |     95.    This cause of action is brought on behalf of the Service Technicians

Class, Current Service Technicians Class, and the Reclassified Service Technicians Class.

96.     By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

97.     By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

98.     Plaintiff WASSINK prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff WASSINK in an amount in excess of $128,372 and subject to proof at trial.

2. For liquidated damages in the amount in excess of $128,372 and subject to proof at trial.

3. Class Members request damages in excess of $50,000,000.

4. For damages and penalties under Labor Code § 226 for Plaintiff WASSINK and Class Members in an amount subject to proof at trial.

5. For restitution and disgorgement for all unfair business practices against Plaintiff WASSINK and Class Members in an amount subject to proof at trial.

6. For prejudgment and post judgment interest.

7. Cost of suit.

8. Attorneys' fees.

9. For such other and further relief as the court may deem proper.

COMPLAINT FOR LABOR VIOLATIONS

DATED:  April 7, 2011                LAW OFFICES OF MICHAEL TRACY

By:   _____

MICHAEL   TRACY,   Attorney   for   Plaintiff
DONALD WASSINK

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED:  April 7, 2011                LAW OFFICES OF MICHAEL TRACY

By:   _____

MICHAEL   TRACY,   Attorney   for   Plaintiff
DONALD WASSINK

COMPLAINT FOR LABOR VIOLATIONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV11- 554 CJC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location.

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DONALD WASSINK, an individual, on behalf of himself and all others similarly situated | AFFILIATED COMPUTER SERVICES, INC , A DELAWARE CORPORATION, XEROX CORPORATION, A NEW YORK CORPORATION, and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same ) | Attorneys (If Known) |
|---|---|
| Michael Tracy SBN 237779<br>Law Office of Michael Tracy<br>2030 Main Street, Ste 1300, Irvine, CA 92614    (949)260-9171 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only )

☐ 1 U S Government Plaintiff    ☑ 3 Federal Question (U S Government Not a Party)

☐ 2 U S Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant )

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only )

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint )

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ 50,256,744 00

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause  Do not cite jurisdictional statutes unless diversity )

29 U S C  section 201 et seq     Failure to Pay Overtime

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl Ret Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R R & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

## SACV11 -0554 CJC (MLGx)

FOR OFFICE USE ONLY:   Case Number _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s) _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A  Arise from the same or closely related transactions, happenings, or events, or
☐ B  Call for determination of the same or substantially related or similar questions of law and fact, or
☐ C  For other reasons would entail substantial duplication of labor if heard by different judges, or
☐ D  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff  If this box is checked, go to item (b)

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant  If this box is checked, go to item (c)

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note  In land condemnation cases, use the location of the tract of land involved

X  SIGNATURE OF ATTORNEY (OR PRO PER)  _____  Date  4/8/2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended  Also, include claims by hospitals, skilled nursing facilities, etc , for certification as providers of services under the program  (42 U S C  1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969  (30 U S C  923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability  (42 U S C  405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended  (42 U S C  405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended  (42 U S C  (g)) |

CV-71 (05/08)                      CIVIL COVER SHEET                      Page 2 of 2

COPY

Michael L. Tracy, Esq.   SBN 237779
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
949-260-9171
mtracy@michaeltracylaw.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WASSINK, an individual, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>**SACV11 -0554 CJC (MLGx)** |
| v.<br>AFFILIATED COMPUTER SERVICES, INC., A DELAWARE CORPORATION; XEROX CORPORATION, A NEW YORK CORPORATION; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Michael Tracy_____, whose address is _2030 Main Street, Suite 1300, Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

APR 1 1 2011

Dated: _____

Clerk, U.S. District Court

SEAL

By: _____
**DODJIE LAGMAN**
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States   Allowed 60 days by Rule 12(a)(3)]*