**ORIGINAL**

**FILED**

1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
   LAW OFFICES OF MICHAEL TRACY
3  2030 Main Street, Suite 1300
4  Irvine, CA  92614
   T: (949) 260-9171
5  F: (866) 365-3051
6
   Attorneys for Plaintiff DONALD WASSINK
7

2011 MAY 13  PM 2: 56
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                  **SOUTHERN DIVISION**

| | |
|---|---|
| 11  DONALD WASSINK, an individual, on behalf of himself and all others similarly | Case No.:  SACV11-00554-CJC -MLGx |
| 12  situated, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID** |
| 13              Plaintiff, | **OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS,** |
| 14  vs. | **IMPROPER PAY STUBS, OVERTIME UNDER THE FLSA,** |
| 15 | **AND UNFAIR BUSINESS** |
| 16  AFFILIATED COMPUTER SERVICES, INC., A DELAWARE CORPORATION; | **PRACTICES** |
| 17  AND XEROX CORPORATION, A NEW YORK CORPORATION; | |
| 18              Defendants. | **DEMAND FOR JURY TRIAL** |
| 19 | |

20  Plaintiff, DONALD WASSINK, alleges:

21                  <u>**JURISDICTION**</u>

22       1.     This Court has jurisdiction over this matter because this complaint

23  alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

24       2.     This court has supplemental jurisdiction of all the State law claims

25  under 28 U.S.C. § 1367(a).  The State law claims are all related to the same facts –

26  namely whether Plaintiff performed work and was not paid overtime wages and

27  whether that failure to pay was willful.  The failure to provide proper pay check stubs

28  is also directly related to the FLSA claims because Plaintiff is alleging that the pay

1   check stubs are inaccurate because they did not list the overtime required by the

2   FLSA.  The waiting time penalty claim is directly related to whether the failure to

3   pay overtime required by the FLSA was willful.  As such, all the claims make up the

4   same case or controversy under Article III of the United States Constitution.

5        3.       This court has jurisdiction under the Class Action Fairness Act, 28

6   U.S.C. §1332(d).  Plaintiff is a citizen of California and Defendants are not citizens

7   of California. There are more than 500 class members and the amount in controversy

8   is in excess of $5,000,000.

## GENERAL ALLEGATIONS

10       4.       This Court is the proper court and this action is properly filed in the

11  County of Orange and in this judicial district because Defendants do business in the

12  County of Orange, and because Defendants' obligations and liabilities arise therein,

13  and because the work that was performed by Plaintiff in the County of Orange is the

14  subject of this action.

15       5.       Plaintiff is informed and believes that Defendants, each and all of them,

16  at all times material hereto, were the joint employers, parent companies, successor

17  companies, predecessors in interest, affiliates, agents, employees, servants, joint

18  venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the

19  remaining Defendants.  The Defendants, unless otherwise alleged, at all times

20  material hereto, performed all acts and omissions alleged herein within the course

21  and scope of said relationship, and are a proximate cause of Plaintiff's damages as

22  herein alleged.

## PARTIES

24       6.       Plaintiff DONALD WASSINK ("WASSINK") was jointly employed by

25  Defendants from May 1, 2006 to the present.  Prior to April, 2008, WASSINK was

26  properly classified as a nonexempt employee and was paid overtime.  In April of

27  2008, Defendants reclassified WASSINK to as "exempt" and illegally stopped

28  paying him overtime. WASSINK is a citizen of California.

7.     Defendant AFFILIATED COMPUTER SERVICES, INC. ("ACS") is a Delaware Corporation doing business in the County of Orange, State of California.

8.     Defendant XEROX CORPORATION ("XEROX") is a New York Corporation doing business in the County of Orange, State of California.

9.     Neither Xerox nor ACS is a citizen of California.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), (b)(2), and (b)(3).

11.    ACS is owed by XEROX. ACS and XEROX share the same human resource department, use the same job descriptions, and have the same policies for paying overtime and controlling the hours and working conditions for employees. The employee's paycheck stub indicates that ACS is the entity paying the check.

12.    ACS maintains a website at http://www.acs-inc.com.  The website specifically states that ACS is "a Xerox company."

13.    ACS describes itself on its website as "a global leader in business process and information technology services."

14.    ASC describes itself as part of the "Xerox Family" and states that "ACS has become an even stronger company for our clients, by joining forces with Xerox. As part of Xerox's $22 billion global enterprise we now offer you the immense resources of 130,000 employees in 160 countries, global brand strength, and a constant dedication to innovation." Xerox thus holds out to the public that ACS employees are also Xerox employees.

15.    ASC and Xerox share many top level manager and the managers move between the firms.

16.    For instance, ACS states on its website that Lynn Blodgett is the "president and chief executive officer of ACS, A Xerox Company."  It also states that he "was appointed executive vice president of Xerox Corporation in 2010."

17.    One of the services that ACS provides is IT outsourcing.  That is, ACS

1 Management Sr Analyst, Infrastructure Mgmt Sr. Analyst, Infrastructure Mgmt Sr.

2 Analyst Network- Remote, Infrastructure Mgmt Sr. Analyst Telecom- Remote,

3 Information Management Analyst, Information Management Specialist, Information

4 Management Sr. Specialist, Information Management Sr. Associate, Information

5 Security Analyst, Information Security Jr. Analyst, IT Application Support Engineer,

6 IT Infrastructure Systems Consulting Sr. Analyst, IT Internship (Payment Solutions

7 Group), IT Support Analyst, IT Systems Analyst, IT Systems Engineer, IT Technical

8 Support, Network Administrator, Network Analyst, Network Engineer, Network

9 Engineer (CCNP), Network Engineer II, Network Engineer III, Network Engineering

10 Manager, Network Operations Center (NOC) Analyst, Network Services Delivery

11 Manager, Network Solution Designer, Network/IT Support Associate, NT Systems

12 Administrator, Onsite Rep, Onsite Support Representative, Remote Control Support

13 Technician, Remote Desktop Technician, Remote Job- DB2 for z/OS DBA/System

14 Programmer, Senior Network Engineer, Senior Network Engineer (Cisco Routing,

15 Switching,, Senior Principal Hardware Engineer, Server Support Analyst, Server

16 Support Engineer, Sr. Firewall/Internet Engineer, Sr. Network Engineer, Sr. Network

17 Engineer CCIE, System Administrator, System Administrator DBA, System

18 Administrator/End User Support Specialist, System Development Specialist, System

19 Support Technician, System Technician / Web Development, Systems Administrator,

20 Systems Analyst, Systems Consulting Analyst, Systems Consulting Principal,

21 Systems Consulting Sr. Analyst, Systems Developer Sr. Specialist, Tech Helpdesk

22 Analyst, Tech Helpdesk Assoc, Technical Help Desk Team Lead, Technical

23 Helpdesk Analyst, Technical Helpdesk Associate, Technical Helpdesk Jr. Analyst,

24 Technical Helpdesk Specialist, Technical Helpdesk Sr. Associate, Technical

25 Helpdesk Supervisor, Technical Helpdesk Team Leader, Technical Implementation

26 Manager, Technical Support / Customer Care Assistant, Technical Support /

27 Customer Service, Web and Application Server Administrator, Windows Systems

28 Administrator, Wireless Network Engineer (WiFi Provisioning),

COMPLAINT FOR LABOR VIOLATIONS

24.    Plaintiff proposes the following Class which will be referred to as the "Service Technician Class:"

> All Information Technology employees of ACS who worked
> within California at any time during the past four (4) years which
> ACS classified as "exempt" and who worked in one of the listed
> JOB TITLES or performed similar duties to a listed JOB TITLE.

25.    Plaintiff proposes the following Subclass which will be referred to as the "Current Service Technician Class:"

> All Information Technology employees of ACS who are currently
> working within California which ACS classifies as "exempt" and
> who worked in one of the listed JOB TITLES or performed similar
> duties to a listed JOB TITLE.

26.    Plaintiff proposes the following Subclass which will be referred to as the "Reclassified Service Technician Class:"

> All Information Technology employees of ACS w who worked
> within California at any time during the past four (4) years which
> ACS currently classifies as "exempt" and whose job position was
> classified by ACS as "nonexempt" prior to April of 2008.

27.    The phrase "Information Technology" means any position performing work relating to the installation, upgrading, or maintenance of computer networks, telephone systems, desktop computers, notebook computers, handheld electronic devices, server computers, or electronic storage devices.

28.    XEROX/ACS has job descriptions posted on its web site, and the following excerpts are indicative of the type of work performed by the Service Technician Class:

> a.    "Troubleshoots via the phone hardware, software, and network
> operating problems and involves technical resources to ensure
> resolution. "

1     b.  "Identifies, investigates and researches user questions and problems
2          as well as isolating and resolving information systems problems. "

3     c.  "Receives and prioritizes issues and forwards using appropriate
4          escalation procedures."

5     d.  "Applies understanding and knowledge of information systems
6          products and services to assist users."

7     e.  "responsible for the day to day support of a multi server network
8          environment."

9     f.  "implementing and maintaining the established network based
10          computing platforms."

11     g.  "Troubleshoot technical problems with the critical systems, servers
12          and equipment"

13     h.  "Troubleshoot and analyze requirements for customers' existing
14          systems"

15     i.  "Operates data communication systems, including LANs and/or
16          WANs."

29.    While XEROX has changed its job titles over time and uses a wide variety of job titles to describe similar and even identical roles, the fundamental job duties of the Service Technician Class are performing routine installation, upgrading, and troubleshooting of computer systems and networks.

30.    This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

31.    A Class Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact.  Questions of law and fact common to the class action include, but are not limited to:

     a.  Whether employees who perform routine installation,
          troubleshooting, and upgrades of computer systems and networks are

1          entitled to overtime.

2          b.  Whether XEROX's job descriptions that describe the low level work

3              performed by the Service Technicians are accurate.

4          c.  Whether the Department of Labor Opinion letter that specifically

5              states that employees who perform routine installation,

6              troubleshooting, and upgrades to computer systems and networks are

7              entitled to overtime pay is a correct statement of the law.

8          d.  Whether electronic records such as emails and computer log files can

9              be used to determine the number of hours worked by the Service

10             Technicians.

11         e.  Whether an employee is entitled to additional compensation if a meal

12             break is not provided to him -- that is, he is unable to take the break

13             because of excessive job tasks assigned to him.

14         f.  Whether Defendants' failure to track the hours worked is causing

15             injury to the class.

16     32.    Plaintiff and the Class Action Plaintiffs are similarly situated, have

17 substantially similar job duties, have substantially similar pay provisions, and are all

18 subject to Defendants' illegal labor violations.

19     33.    Plaintiff will also seek certification of a class to require XEROX and

20 ACS to reclassify the class members as nonexempt employees and to begin tracking

21 their hours worked.  WASSINK is a current employee of XEROX and ACS, and he

22 and the Class Members are suffering ongoing injury from Defendants' illegal

23 policies.

24     34.    The claims of the Plaintiff are typical of those of the class, and plaintiff

25 will fairly and adequately represent the interests of the class.

26     35.    Defendants refuse to re-classify the employees as non-exempt

27 employees and refuse to properly track all the hours worked. This illegal conduct

28 affects all Class Members equally and injunctive relief is appropriate.

-8-
COMPLAINT FOR LABOR VIOLATIONS

36.     The persons of this class are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court.  While the precise number of proposed class members has not yet been determined, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over 500 putative class members.

37.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants.

38.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual member, including legal and factual issues relating to liability and damages.

39.     Class action treatment will allow those similarly situated person to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

40.     In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the class action, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiffs bring the Third Cause of Action for violation of the Fair Labor Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who All Information Technology employees of ACS who worked within California at any time during the past three (3) years which ACS classified as "exempt" and who worked "on call" to resolve technical problems for customers of ACS in addition to having standard

COMPLAINT FOR LABOR VIOLATIONS

1 | working hours. ("Collective Action Plaintiffs").

2     42.    The Third Cause of Action for violations of the FLSA is being brought
3 | and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all
4 | violations of the FLSA.

5     43.    A Collective Action is a superior method for bringing this action in that
6 | there is a well defined community of interest in the questions of law and fact.
7 | Questions of law and fact common to the collective action include, but are not
8 | limited to:

9     a. Whether employees who perform routine installation,
10      troubleshooting, and upgrades of computer systems and networks are
11      entitled to overtime.

12     b. Whether XEROX's job descriptions that describe the low level work
13      performed by the Service Technicians are accurate.

14     c. Whether the Department of Labor Opinion letter that specifically
15      states that employees who perform routine installation,
16      troubleshooting, and upgrades to computer systems and networks are
17      entitled to overtime pay is a correct statement of the law.

18     d. Whether electronic records such as emails and computer log files can
19      be used to determine the number of hours worked by the Service
20      Technicians.

21     44.    Plaintiff and the Collective Action Plaintiffs are similarly situated, have
22 | substantially similar job duties, have substantially similar pay provisions, and are all
23 | subject to Defendants' refusal to pay proper overtime in violation of the FLSA.  The
24 | claims of the Plaintiff are typical of those of the class and plaintiff will fairly and
25 | adequately represent the interests of the class.

26     45.    The persons of this class of are so numerous that the joinder of all such
27 | persons is impracticable and that disposition of their claims in a class action rather
28 | than in individual actions will benefit the parties and the court.  In addition, each

1 | class member must give his or her permission to be represented in this action under

2 | the "opt-in" provisions of 29 U.S.C. § 216(b).

3 |      46.     In the event that the Court determines at the notice stage or anytime

4 | thereafter that all plaintiffs and members of the collective action, as defined above,

5 | are not "similarly situated," the definition may be modified or narrowed, and/or

6 | appropriate subclasses may be established based on business unit or otherwise.

7 | **PRIVATE ATTORNEY GENERAL ALLEGATIONS**

8 |      47.     Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney

9 | General Act ("PAGA") of 2004,  Plaintiff is entitled to recover civil penalties on

10 | behalf of himself and other current or former employees provided the notice and

11 | other procedures prescribed by the statute are followed.

12 |      48.     Plaintiff is pursuing civil penalties for violations of Cal. Labor Code

13 | Sections 226, subdivision (a), 510, 226.7, 1198, and 212.  These sections are all

14 | listed in Cal. Labor Code § 2699.5. As such, the procedures for this action are

15 | specified in Cal. Labor Code § 2699.3(a).

16 |      49.     Plaintiff is an aggrieved employee of some of these labor violations as

17 | set out in this complaint.  He brings the PAGA causes of action for violations against

18 | all AGGRIEVED EMPLOYEES, as defined below.

19 |      50.     Plaintiff's attorney gave written notice by certified mail to the Labor and

20 | Workforce Development Agency ("LWDA") and Defendants stating the above

21 | mentioned code violations with facts to support each allegation. The certified mail

22 | was postmarked April 7, 2011.  A copy of this notification is attached as Exhibit A.

23 |      51.     The LWDA has failed to notify Plaintiff that they intend to investigate

24 | the allegations, and more than 33 days have elapsed since notice was sent.  As such,

25 | Plaintiff may commence a civil action pursuant to Cal. Labor Code § 2699.

26 |      52.     Cal. Labor Code § 2699(i) requires that any civil penalties be split with

27 | 75% paid to the LWDA and 25% paid to Plaintiff.

28 |      53.     The PAGA causes of action are brought for labor violations committed

1 on the following group of AGGRIEVED EMPLOYEES: All information technology,

2 computer programmers, and computer testers employed by ASC and/or XEROX.

3 This includes all employees who are responsible for the troubleshooting of computer

4 networks and hardware as well as individuals who program computers and test

5 computer systems designed by other individuals.  The AGGRIEVED EMPLOYEES

6 do not include any managers, or high level technical employees who spend the

7 majority of their time designing the computer software or networks that were worked

8 on by the AGGRIEVED EMPLOYEES.

9          54.     The attached LWDA letter provides sample job titles for the vast

10 majority of the AGGRIEVED EMPLOYEES.

11                          **FIRST CAUSE OF ACTION**

12 **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

13 **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA**

14                                   **LABOR CODE**

15                          **(AGAINST ACS and XEROX)**

16          55.     Plaintiff refers to and incorporate  by reference Paragraphs 1 through 54.

17          56.     This cause of action is brought against ACS and XEROX, jointly and

18 individually.

19          57.     This cause of action is brought on behalf of the Service Technicians

20 Class, Current Service Technicians Class, and the Reclassified Service Technicians

21 Class.

22          58.     The Current Service Technicians class will also seek an injunction

23 requiring Defendants to properly pay them overtime on an ongoing basis.

24          59.     Pursuant to Industrial Welfare Commission Order No. 4-2001,

25 California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's

26 employment, Defendants were required to compensate Plaintiff for all overtime,

27 which is calculated at one and one-half (1 ½) times the regular rate of pay for hours

28 worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2)

1  times the regular rate of pay for hours worked in excess of twelve (12) hours in a day
2  of hours worked in excess of eight (8) hours on the seventh consecutive work day in
3  a week.

4      60.    Plaintiff WASSINK worked more than eight (8) hours in a single
5  workday or forty (40) hours in a single workweek on numerous occasions.

6      61.    Plaintiff WASSINK was entitled to the above overtime premiums.

7      62.    Defendants did not pay Plaintiff premium wages of at least one and one-
8  half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

9      63.    Defendants did not pay Plaintiff premium wages of at least one and one-
10  half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

11     64.    Defendants did not pay Plaintiff premium wages of at least two times
12  Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

13     65.    Plaintiff WASSINK worked at least one pay period in which he was not
14  properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

15     66.    Defendants know or should know the actual dates of overtime worked,
16  the amount of overtime worked, and the amount of unpaid overtime due.

17     67.    As a proximate result of Defendants' violations, Plaintiff WASSINK
18  has been damaged in an amount in excess of $128,372 and subject to proof at time of
19  trial.

20     68.    The Class Members also typically worked in excess of 40 hours a week
21  and could work over 70 hours in busy weeks.  They were also not paid any overtime.
22  Each class member was likely damaged in an amount in excess of $100,000 bringing
23  the amount in controversy for the more than 500 class members to $50,000,000 or
24  more.

25     69.    Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of
26  Regulations, Title 8, § 11040, Plaintiff WASSINK is entitled to recover damages for
27  the nonpayment of overtime premiums for all overtime hours worked, penalties,
28  interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

### UNDER LABOR CODE SECTION 226

### (AGAINST ACS and XEROX)

70.     Plaintiff refers to and incorporate by reference Paragraphs 1 through 69.

71.     This cause of action is brought against ACS and XEROX, jointly and individually.

72.     This cause of action is brought on behalf of the Service Technicians Class, Current Service Technicians Class, and the Reclassified Service Technicians Class.

73.     The Current Service Technicians class will also seek an injunction requiring Defendants to properly track their hours on an ongoing basis.

74.     Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

75.     Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

76.     Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

77.     Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

78.     Class Members were similarly injured and Current Service Technicians are suffering ongoing injury because the lack of tracking of hours worked makes proving ongoing damages more difficult.  Each class member would be required to spend his or her own time tracking and recording this time jus to ensure that he or she would be paid for all hours worked.

79.     Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

**THIRD CAUSE OF ACTION**

**OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207**

**and § 216 (AGAINST ALL DEFENDANTS)**

80.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 79.

81.   This cause of action is against all Defendants, jointly and individually.

82.   Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a) and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of  pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

83.   Plaintiff worked numerous weeks in excess of forty (40) hours.

84.   Plaintiff was entitled to the above overtime premiums.

85.   Defendants failed to compensate Plaintiff for any overtime premiums.

86.   This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

87.   Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

88.   Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

89.   Plaintiff used equipment on the job that had previously been transported in interstate commerce.

90.   Defendant ACS was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

91.   Defendant ACS was an enterprise covered by the provisions of the Fair

-15-

COMPLAINT FOR LABOR VIOLATIONS

1 | Labor Standards Act for the entire time of Plaintiff's employment.

2 |     92.    Defendant ACS conducted business with a total gross sales volume in
3 | excess of $500,000 for each and every twelve (12) month period in which Plaintiff
4 | was employed.

5 |     93.    Defendant ACS employed at least two (2) employees during each and
6 | every 12 month period in which Plaintiff was employed. These employees were
7 | engaged in commerce and regularly used equipment that had been transported in
8 | interstate commerce.

9 |     94.    Defendant XEROX was the employer of Plaintiff, as the term
10 | "employer" is defined in the Fair Labor Standards Act.

11 |     95.    Defendant XEROX was an enterprise covered by the provisions of the
12 | Fair Labor Standards Act for the entire time of Plaintiff's employment.

13 |     96.    Defendant XEROX conducted business with a total gross sales volume
14 | in excess of $500,000 for each and every twelve (12) month period in which Plaintiff
15 | was employed.

16 |     97.    Defendant XEROX employed at least two (2) employees during each
17 | and every 12 month period in which Plaintiff was employed. These employees were
18 | engaged in commerce and regularly used equipment that had been transported in
19 | interstate commerce.

20 |     98.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

21 |     99.    Plaintiff prays for judgment for overtime pay of $128,372. This amount
22 | is subsumed by the overtime pay claimed in the First Cause of Action.

23 |     100.    Plaintiff prays for judgment for liquidated damages in the amount of
24 | $128,372. This amount is supplemental to the relief requested in all other causes of
25 | action.

26 |     101.    Plaintiff prays for costs and attorney's fees.

27 | **FOURTH CAUSE OF ACTION**

28 | **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

## CODE SECTION 17200

## (AGAINST ACS and XEROX)

102.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 101.

103.    This cause of action is brought against ACS and XEROX, jointly and individually.

104.    This cause of action is brought on behalf of the Service Technicians Class, Current Service Technicians Class, and the Reclassified Service Technicians Class.

105.    By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

106.    By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

107.    Plaintiff WASSINK prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## FIFTH CAUSE OF ACTION

## CIVIL PENALTIES FOR OVERTIME VIOLATIONS

## (AGAINST ALL DEFENDANTS)

108.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 107.

109.    This cause of action is brought against all Defendants jointly and individually.

110.    Plaintiff WASSINK is informed and believes that all AGGRIEVED EMPLOYEES of Defendants were not properly paid overtime in violation of Cal. Lab. Code §§ 510 and 558.

111.    At least one such violation against an AGGRIEVED EMPLOYEE

1  occurred within the period of time one (1) year prior to Plaintiff giving notice to the

2  LWDA.

3      112.   Cal. Labor Code § 558 provides that an "employer or other person

4  acting on behalf of an employer" who causes such a violation will be subject to a $50

5  penalty for each pay period for each employee.

6      113.   Cal. Labor Code § 2699(g) provides that any "employee who prevails in

7  any action shall be entitled to an award of reasonable attorney's fees and costs."

8      114.   Plaintiff WASSINK prays for civil penalties in an amount in excess of

9  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

10                 **SIXTH CAUSE OF ACTION**

11         **CIVIL PENALTIES FOR BREAK VIOLATIONS**

12               **(AGAINST ALL DEFENDANTS)**

13      115.   Plaintiff refers to and incorporates by reference Paragraphs 1 through

14  114.

15      116.   This cause of action is brought against all Defendants jointly and

16  individually.

17      117.   Plaintiff WASSINK is informed and believes that all AGGRIEVED

18  EMPLOYEES of Defendants were subject to violations of Cal. Lab. Code §§ 226.7,

19  512 and 558.

20      118.   At least one such violation against an AGGRIEVED EMPLOYEE

21  occurred within the period of time one (1) year prior to Plaintiff giving notice to the

22  LWDA.

23      119.   Plaintiff WASSINK prays for civil penalties in an amount in excess of

24  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

25                **SEVENTH CAUSE OF ACTION**

26      **CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS**

27               **(AGAINST ACS and XEROX)**

28      120.   Plaintiff refers to and incorporates by reference Paragraphs 1 through

-18-

COMPLAINT FOR LABOR VIOLATIONS

1 | 119.

2 |     121.   This cause of action is brought against ACS and XEROX, jointly and

3 | individually.

4 |     122.   Cal. Labor Code § 226(a)(9) requires that the employer provide a pay

5 | stub that lists "all applicable hourly rates in effect during the pay period and the

6 | corresponding number of hours worked at each hourly rate by the employee."

7 |     123.   Plaintiff WASSINK is informed and believes that Defendants failed to

8 | comply with Labor Code § 226(a) for all AGGRIEVED EMPLOYEES.

9 |     124.   At least one such violation against an AGGRIEVED EMPLOYEE

10 | occurred within the period of time one (1) year prior to Plaintiff giving notice to the

11 | LWDA.

12 |     125.   Cal. Labor Code § 226.3 provides that any employer who violates §

13 | 226(a) will be subject to a civil penalty of $250 per employee per pay period.

14 |     126.   Plaintiff WASSINK prays for civil penalties in an amount in excess of

15 | $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

16 | **EIGHTH CAUSE OF ACTION**

17 | **CIVIL PENALTIES FOR FAILING TO KEEP RECORDS**

18 | **(AGAINST ACS and XEROX)**

19 |     127.   Plaintiff refers to and incorporates by reference Paragraphs 1 through

20 | 126.

21 |     128.   This cause of action is brought against ACS and XEROX, jointly and

22 | individually.

23 |     129.   California Code of Regulations, Title 8, § 11040 requires that the

24 | employer keep track of the start and stop time of each shift and the start and stop

25 | time for each meal break.

26 |     130.   Plaintiff WASSINK is informed and believes that Defendants willfully

27 | failed to keep proper start and stop time records for all AGGRIEVED EMPLOYEES.

28 |     131.   At least one such violation against an AGGRIEVED EMPLOYEE

1   occurred within the period of time one (1) year prior to Plaintiff giving notice to the
2   LWDA.

3       132.   Cal. Lab. Code § 1174(d) requires employers to keep accurate records
4   as required by the Wage Order, and as such is actionable under Cal. Lab. Code §
5   2698, et seq.

6       133.   Plaintiff WASSINK prays for civil penalties in an amount in excess of
7   $500 and subject to proof at time of trial, costs and reasonable attorney's fees.

8
9   **WHEREFORE**, Plaintiff prays for the following relief:

10      1.  Damages for overtime not paid to Plaintiff WASSINK in an amount in
11  excess of $128,372 and subject to proof at trial.

12      2.  For liquidated damages in the amount in excess of $128,372 and subject to
13  proof at trial.

14      3.  Class Members request damages in excess of $50,000,000.

15      4.  Civil penalties in excess of $1,000,000.

16      5.  For damages and penalties under Labor Code § 226 for Plaintiff
17  WASSINK and Class Members in an amount subject to proof at trial.

18      6.  For restitution and disgorgement for all unfair business practices against
19  Plaintiff WASSINK and Class Members in an amount subject to proof at trial.

20      7.  For prejudgment and post judgment interest.

21      8.  Cost of suit.

22      9.  Attorneys' fees.

23      10. For such other and further relief as the court may deem proper.

24
25
26
27
28

DATED: ~~April 7~~ *May*, 2011               LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL   TRACY,   Attorney   for   Plaintiff
DONALD WASSINK


## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED: ~~April 7~~ *May 11*, 2011               LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL   TRACY,   Attorney   for   Plaintiff
DONALD WASSINK

-21-

COMPLAINT FOR LABOR VIOLATIONS

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 2030 Main Street, Suite 1300, Irvine, CA 92614.

On May 13, 2011, I served the following document(s):  **FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, OVERTIME UNDER THE FLSA,   AND UNFAIR BUSINESS PRACTICES; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows and by the method listed below:

John Hayashi
Morgan Lewis
5 Park Plaza, Suite 1750
Irvine, CA 92614

**(Service by mail)** I caused such envelope, with postage thereon, fully prepaid, to be placed for deposit at 2030 Main Street, Suite 1300, Irvine, CA 92614, in the United States Postal Service.  I am familiar with the regular mail collection and processing practices of the Law Offices of Michael Tracy that the mail would be deposited with the United States Postal Service that same day in the ordinary course of business, and that the envelope was sealed and deposited for collection and mailing on the above date following ordinary business practices.

**(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed May 13, 2011 at Irvine, California.

_VIRGINIA TOMLINSON_
VIRGINIA TOMLINSON