# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WASSINK, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>AFFILIATED COMPUTER SERVICES, INC., A DELAWARE CORPORATION; XEROX CORPORATION, A NEW YORK CORPORATION; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. SACV11-0554 CJC (MLGx)<br><br>Hon. Marc L. Goldman<br><br>**DISCOVERY MATTER**<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Date:　　Mar. 20, 2012<br>Time:　　10:00 a.m.<br>Dept:　　6A<br><br>Discovery Cutoff:　　June 29, 2012<br>Pretrial Conference:　Oct. 1, 2012<br>Trial Date:　　　　　Oct. 16, 2012 |

## ORDER

The Motion of Defendants Affiliated Computer Services, Inc. and Xerox Corporation came on regularly for hearing before this Court on March 20, 2012. Having reviewed and considered the pleadings, motion papers, joint stipulation, and evidence submitted in support of and in opposition to the Motion, and having reviewed and considered the arguments of counsel, and good cause having been shown, the Court Orders as follows:

**IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order is GRANTED.

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties, or are kept confidential by Defendants on behalf of their non-party customers. For these reasons, the Court hereby orders that the parties shall be bound by the terms of this Protective Order in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), of the parties and/or non-party customers. The purpose of this Protective Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

1. This Protective Order applies only to pre-trial discovery and does not affect the confidentiality of any documents at trial.

2. During this action, one or more parties may produce certain documents, provide written discovery responses and/or provide or elicit deposition testimony containing confidential, proprietary and/or trade secret business

information.  Defendants may also produce documents deemed to include confidential information that should not be revealed to Plaintiff or his representatives, other than his attorneys.

3. With respect to documents produced by a party, when that party has a good faith belief that the document contains trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), that party or its counsel may stamp or otherwise label that document with the word(s) "Confidential" and/or "Attorneys' Eyes Only" prior to production.  The parties may not simply designate broad categories of documents as "Confidential" or "Attorney's Eyes Only."  Such designation may only be assigned to those documents that contain confidential information within the meaning of Rule 26(c).  These designations shall render that document and the information contained in it subject to this Protective Order.  Stamping or otherwise marking "Confidential" and/or "Attorneys' Eyes Only" on the first page of any multipage document shall designate all pages of the document as confidential and/or for attorneys' eyes only, unless otherwise expressly indicated by the party producing that document.  With respect to written discovery responses provided by a party, either that party or its counsel may designate a particular response as containing confidential information and/or information for attorneys' eyes only by stamping or otherwise marking the word "Confidential" and/or "Attorneys' Eyes Only" on the page or pages containing that discovery response, or by explicitly stating within the response itself that the information contained therein is confidential and/or for attorneys' eyes only.  Either of these designations shall render that response and the information contained in it subject to this Protective Order.  Defendants may assert confidentiality rights under this Protective Order on behalf of their non-party customers, and a party's non-party customer may also request that the party stamp or otherwise label the documents and/or responses

discussed above as "Confidential" and/or "Attorneys' Eyes Only" prior to disclosure.

4. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "Confidential - Attorneys' Eyes Only," and must be treated as such pursuant to the terms of this Protective Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials with the appropriate confidentiality marking as "Confidential" and/or "Attorneys' Eyes Only" prior to production.

5. At any deposition in this action, a party or non-party customer may designate particular testimony by a witness as confidential and/or for attorneys' eyes only and therefore subject to the terms of this Protective Order, and may assert such right on behalf of non-party customers. In the event a party or its counsel makes such a designation, or makes such a designation on behalf of a non-party customer, the court reporter shall on each page of the transcript containing such designated testimony include the statement "Confidential" and/or "Attorneys' Eyes Only." All deposition testimony of a witness which is designated confidential and/or for attorneys' eyes only shall be contained in a separate transcript, the first page of which shall bear the legend "Confidential" and/or "Attorneys' Eyes Only." Such designation must be made on the record whenever possible, but a party or non-party customer may designate portions of depositions as "Confidential" and/or "Attorneys' Eyes Only" within thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "Confidential" and/or "Attorneys' Eyes Only."

6. Any document, information or testimony marked "Confidential" and/or "Attorneys' Eyes Only" shall not be used for any purpose whatsoever other than in connection with the prosecution or defense of this lawsuit. Documents/information/testimony marked "Confidential" shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) counsel of record for the parties in this action; (b) persons regularly employed by the law firm representing plaintiff and/or the firm representing defendants; (c) court reporters transcribing testimony of witnesses in this action; (d) court personnel in connection with the performance of their responsibilities relative to this action; (e) expert witnesses and consultants retained for the purpose of assisting counsel for a party in defending or prosecuting this action; (f) one or more of the parties themselves including their in-house counsel and their staff; or (g) a witness at deposition to the extent he/she agrees on the record to be bound by this Protective Order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony. Documents/information/testimony marked "Attorneys' Eyes Only" shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) Plaintiff's attorneys; (b) employees of Plaintiff's attorneys; and (c) in house counsel of the parties and their staff. However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which its own counsel has marked "Confidential" and/or "Attorneys' Eyes Only" or which has been so designated on behalf of the party's non-party customer.

7. All documents/information/testimony marked "Confidential" and/or "Attorneys' Eyes Only" must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving documents/information/testimony marked "Confidential"

and/or "Attorneys' Eyes Only" must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If documents/information/testimony marked "Confidential" and/or "Attorneys' Eyes Only" is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

8. Prior to delivery, exhibition or disclosure of documents/information/testimony marked "Confidential" to expert witnesses, consultants, and any non-employees of Defendants (except counsel for the parties and counsel's employees), counsel for the party making the disclosure shall provide each such person a copy of this Protective Order and shall secure from that person a signed confidentiality acknowledgement in the form attached hereto as Exhibit A. That acknowledgement shall state that the person receiving or seeing the covered document/information/testimony has read this Protective Order, that he/she may not and shall not divulge any document, information or testimony designated Confidential except in strict accordance with the terms and conditions of this Protective Order, and that he/she will not utilize any document, information or testimony designated confidential for any purpose other than in connection with the prosecution or defense of this lawsuit. All originals of signed confidentiality acknowledgements shall be maintained by counsel for the party responsible for making the disclosure and shall be made available to the producing party's counsel upon reasonable request. However, nothing herein shall require a disclosing party or its counsel to obtain a signed confidentiality acknowledgement prior to submitting

documents/information/ testimony designated confidential to witnesses at either trial or during a deposition.

9. A receiving party will not file any documents designated as "Confidential" and/or "Attorney's Eyes Only" in any proceeding without first providing the designating party at least ten (10) days' notice. Upon such notice, the parties shall meet and confer to discuss whether the document(s) in question warrants continued protection as "Confidential" and/or "Attorney's Eyes Only." If the designating party deems that such continued protection is warranted, it shall prepare a request to submit the document(s) under seal pursuant to Civil Local Rule 79-5.1 et seq. Until the Court rules on said request(s), the filing party shall not file documents marked "Confidential" and/or "Attorney's Eyes Only" as set forth in the Court's Local Rules

10. Nothing herein shall prevent any party from bringing an appropriate motion upon regular notice before the Court to have a "Confidential" and/or "Attorneys' Eyes Only" designation of a document/information/testimony lifted in whole or in part or to determine whether the use or disclosure of such document/information/testimony should be restricted other than in accordance with this Protective Order. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. The designating party will meet and confer within ten (10) days on whether the items should remain confidential. If the dispute is not resolved consensually between the parties, the party seeking to oppose the classification must move for a ruling that the documents to be treated as confidential are not confidential. The materials at issue must be treated as "Confidential" and/or "Attorneys' Eyes Only," as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. Furthermore, nothing herein shall affect the rights of the parties, or non-party customers, to make

a formal motion upon regular notice to the Court for additional protective order(s) pursuant to the Federal Rules of Civil Procedure with regard to any particular document/information/testimony, including for the purpose of seeking restrictions greater than those specified herein.

11. Within 60 days from the final termination of this action, including any appeals, the parties and their counsel shall, at the option of the party producing materials marked "Confidential" and/or "Attorneys' Eyes Only," either (1) return all such materials together with any and all copies, summaries and excerpts thereof, to counsel for the producing party or (2) destroy all such materials and certify in writing to the counsel for the producing party that they have been destroyed. In accordance with this paragraph, the parties and their counsel shall also return to counsel or destroy all extracts or summaries of documents/information/testimony marked "Confidential" and/or "Attorneys except for those materials which in the reasonable, good faith judgment of counsel constitute attorney work product.

12. If a party or its counsel inadvertently permits the production or disclosure of documents/information/testimony of a confidential, proprietary or trade secret nature without marking it "Confidential" and/or "Attorneys' Eyes Only" in accordance with this Protective Order, that party or its counsel may thereafter designate the material as "Confidential" and/or "Attorneys' Eyes Only" by identifying the specific document/information/testimony in a letter to opposing counsel and at that time marking the document/information/testimony as "Confidential" and/or "Attorneys' Eyes Only." From the date of receipt of any such letter, the party/counsel which has received the document/information/ testimony shall treat it as confidential in accordance with the terms of this Protective Order, subject to further direction from the Court.

13. The obligations of confidentiality contained in this Protective Order shall remain effective following the termination of the action and the Court shall

retain jurisdiction to enforce all provisions of this Protective Order as well as to remedy any violation of it. In addition, the Court shall at all times have jurisdiction to resolve any dispute which may arise under the terms of this Protective Order upon a regularly noticed motion, including but not limited to issues concerning whether some document/information/testimony has been improperly marked as "Confidential" and/or "Attorneys' Eyes Only."

14. The designation of any document, information or testimony shall not be construed as an admission of relevance or admissibility. This Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground. Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15. This Protective Order may only be introduced into evidence by a party in connection with a motion or other proceeding to enforce the terms or obtain clarification of this order. This Protective Order may not be introduced into evidence in any motion to determine whether good cause exists to protect any document or category of documents. Nothing in this Protective Order will be deemed as any admission by any party that good cause exists to designate any documents as confidential. Plaintiff is specifically not agreeing that any of these documents are properly subject to protection. Defendants will not state in any motion that Plaintiff has previously agreed that these documents warrant protection.

16. This Protective Order may be modified by agreement of the parties, subject to approval by the Court.

IT IS SO ORDERED.

DATED: March 27, 2012                 _____MARC L. GOLDMAN_____

Magistrate Judge of the U.S. District Court

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WASSINK, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>AFFILIATED COMPUTER SERVICES, INC., A DELAWARE CORPORATION; XEROX CORPORATION, A NEW YORK CORPORATION; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. SACV11-0554 CJC (MLGx)<br><br>Hon. Cormac J. Carney<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

   I, _____, declare and say that:

   1.   I am employed as _____ by _____.

   2.   I certify that I have carefully read and fully understand the Protective Order entered in *Wassink v. Affiliated Computer Services, Inc., et. al*, Case No. SACV11-0554-CJC-MLGx, and have received a copy of the Protective Order. I certify that I will at all times fully comply with this Protective Order with respect to all documents, information and testimony marked as "Confidential" which I receive, see or obtain. I will not disclose, show or divulge any materials marked as "Confidential" to any person or entity other than those persons specified in paragraph 6 of this Protective Order and will use those materials only in connection with the prosecution or defense of the above referenced lawsuit. In addition, I promise to return all materials marked as "Confidential," along with any and all

copies, abstracts and summaries of such materials, to counsel for the person or entity who produced such materials within 60 days after the final resolution of this action.

    3.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

    4.    I understand that any disclosure or use of "Confidential" or "Confidential – Attorney's Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____

DB2/ 23050133.1